NO. 11-2546

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

DIABLO S. WILLIAM,

Appellant.

AN APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

THE HONORABLE LAURIE SMITH CAMP, JUDGE
UNITED STATES DISTRICT COURT

## BRIEF OF APPELLANT

Diablo S. William, Appellant

Glenn A. Shapiro #19126
SCHAEFER SHAPIRO, LLP
1001 Farnam Street
Omaha, Nebraska 68102
(402) 341-0700
Attorney for Appellant

# SUMMARY AND REQUEST FOR ORAL ARGUMENT

On January 14, 2011, Diablo S. William pled guilty to Counts I and II charging distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1) and (b)(1). The penalty range has a mandatory minimum of 5 years incarceration and a maximum penalty of 40 years incarceration on each count. At the time of the offense and before enactment of the Fair Sentencing Act, William total offense level would have been level 24 based on 24.1 grams of crack cocaine. William being a career offender, the Chapter Four enhancements placed William offense level at 34 and placing him in Category VI for criminal history.

On February 23, 2011, William was alleged to have been involved in a Robbery. He was arrested on a pretrial violation warrant on March 9, 2011. Due to this conduct, the probation officer did not give a 3 level reduction for acceptance of responsibility. William objected. Following hearing, the judge found William had not accepted responsibility and denied the 3 level reduction. The guideline imprisonment range for level 34 and Criminal History Category VI is 262-327 months.

William was sentenced to 262 months on Counts I and II to run concurrent. William plead guilty and accepted responsibility and appeals from the court's findings and sentence imposed.

Mr. William requests oral argument in the amount of fifteen (15) minutes.

# **TABLE OF CONTENTS**

SUMMARY AND REQUEST FOR ORAL ARGUMENT……………….. i, ii

TABLE OF AUTHORITIES…………………………………………….. iv

JURISDICTIONAL STATEMENT……………………………………… v

STATEMENT OF THE ISSUES………………………………………… vi

STATEMENT OF THE CASE…………………………………………... 1

STATEMENT OF THE FACTS…………………………………………. 2

SUMMARY OF THE ARGUMENT……………………………………. 4

STANDARD OF REVIEW……………………………………………… 4

ARGUMENT…………………………………………………………….. 5

    THE DISTRICT COURT ERRED IN DENYING
    A THREE LEVEL REDUCTION FOR
    ACCEPTANCE OF RESPONSIBILITY…………………………… 5

CONCLUSION………………………………………………………… 6

CERTIFICATE OF SERVICE………………………………………… 7

CERTIFICATE OF COMPLIANCE………………………………….. 9

ADDENDUM

    Judgment in a Criminal Case……………………………………… 1-6

# TABLE OF AUTHORITIES

**Cases**

United States v. Auginash, 266F.3d 781,785 (8th Cir. 2001)……………  4

United States v. Jones, 612 F.3d 1040 (8th Cir. 2010)……………………  vi

United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000)………………  4

**Statutes**

18 U.S.C. §3742……………………………………………………………..  v

21 U.S.C. §841(a)(1)………………………………………………………...  i

21 U.S.C. §841(b)(1)…………………………………………………………  i

21 U.S.C. §841(b)(1)(b)……………………………………………………..  v

21 U.S.C. §846………………………………………………………………  v

28 U.S.C. §1291…………………………………………………………......  v

**Sentencing Guidelines and Rules**

U.S.S.G. §3E1.1(a)…………………………………………………………..  vi, 5

# JURISDICTIONAL STATEMENT

Diablo S. William appeals from the judgment and sentence imposed by the Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, following William's guilty plea to two counts of distributing more than 5 grams of cocaine base. The case number below is 8:10CR248.

Jurisdiction in the case was based on 21 U.S.C. §§ 841(b)(1)(b), and 846. The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §1291, which provides for review of a final order subject to appeal, and pursuant to 18 U.S.C. §3742, which provides for review of a federal sentence.

The Judgment was filed on July 6, 2011. William filed a timely Notice of Appeal.

# **STATEMENT OF THE ISSUES**

## I.

Whether the District Court erred by denying Mr. William a 3 level reduction of his base offense level for acceptance of responsibility.

U.S.S.G. §3E1.1(a)

United States v. Jones, 612 F.3d 1040 (8th Cir. 2010)

# STATEMENT OF THE CASE

On July 9, 2010, a two count sealed Indictment was filed in the District of Nebraska charging Diablo S. William with distributing more than 5 grams of cocaine base.

On January 14, 2011, William entered pleas of guilty to both counts of the Indictment. Sentencing was scheduled for April 25, 2011. On March 9, 2011, William was arrested on a pretrial violation warrant for his involvement in a Robbery which occurred on February 23, 2011.

The Revised Presentence Investigation Report referenced the Robbery and therefore denied William a 3 level reduction for acceptance of responsibility. William objected and Judge Smith-Camp overruled the objection finding William had not accepted responsibility. On July 5, 2011, the Court sentenced William to 262 months on Count I and 262 months on Count II to be served concurrently. Following sentencing, William timely filed a Notice of Appeal seeking review of his sentence.

1

Appellate Case: 11-2546     Page: 8     Date Filed: 08/23/2011 Entry ID: 3821022

# STATEMENT OF THE FACTS

A confidential informant working with the FBI bought a half ounce of crack cocaine from William on March 26, 2010 and April 10, 2010. (PSR.4:9) William is accountable for 24.1 grams of crack cocaine. (PSR.4:14) On January 14, 2011, William appeared before Magistrate Judge Thalken and entered guilty pleas to Counts I and II of the Indictment. A Presentence Investigation Report was ordered. There was no plea agreement. (PSR.3:4)

On July 5, 2011, William appeared before United States District Court Judge Laurie Smith-Camp for sentencing. (TR.2:1-17) The government and counsel for William had objections basically related to the issues of acceptance of responsibility and obstruction of justice. (TR.3:3-19) The United States position was William should receive a two-level enhancement or increase for obstruction (TR.4:4-6) and whether William has accepted responsibility. (TR.4:13-14) At sentencing the government called FBI Agent Paris Capalupo. (TR.5:13-16) Capalupo had been investigating William from March 2010 until about August 2010. (TR.6:9-13) In March of 2011, Capalupo received a call from Omaha Police Detective Jim Shields regarding a robbery he was investigating involving William. (TR.7:9-17) Shields asked Capalupo to review a video from the store where the robbery occurred.

Upon doing so, Capalupo identified William in the video. (TR.8:18-24) Shields then testified about the robbery investigation and witness interviews. Specifically, he testified about a party named Josh McCoy. (TR.22:14-15) Mccoy went to the county attorney prosecuting the robbery case and admitted to the robbery William was arrested for. (Tr.22:18-22) There was clear evidence that shows McCoy's statements did not coincide with the evidence from the scene. (TR.24:6-13) Shields then listened to jail phone calls of William. They basically indicate William orchestrating McCoy and others to cover for William in the robbery.

The government argued this conduct qualified for a two-level enhancement for obstruction (TR.45:19-21) and his involvement in the robbery and attempts to manufacture evidence prevented William from qualifying for a 3 level reduction for acceptance of responsibility. (TR.46:12-21) William correctly pointed out that none of these events alleged by the government had anything to do with the Federal Case. (TR.47:14-16) William pled guilty, he has not asked to withdraw that plea, he accepted responsibility for his crime, and his conduct has nothing to do with the case now before the Court. (TR.49:11-23) The Court found the obstruction issue moot because of the fact that it doesn't affect the guideline calculation. (TR.50:1-4) On the acceptance of responsibility issue, the court agreed

3

with the government's position based on application note 1(b), the question whether the defendant voluntarily terminated or withdrew from criminal conduct or associations. (TR.50:7-10) The court then denied William's objection regarding acceptance of responsibility. (TR.52:8-9) The court then found the guideline provision for Counts I and II each is 262 months to 327 months. (TR.52:18-19) The court then imposed a sentence of 262 months on Count I and on Count II to run concurrently. (TR.63:19-20)

## SUMMARY OF THE ARGUMENT

The District Court erred in denying a 3 level reduction of the base offense level for acceptance of responsibility.

## STANDARD OF REVIEW

The District Court's interpretation of the sentencing guidelines is a question of law subject to de novo review. United States v. Auginash, 266F.3d 781,785 (8th Cir. 2001).

A district court's factual finding is reviewed for clear error. United States v. O'Dell, 204 F.3d 829, 838 (8th Cir. 2000).

4

# ARGUMENT

## I.

**THE DISTRICT COURT ERRED IN FINDING DEFENDANT WAS NOT ENTITLED TO A THREE LEVEL REDUCTION FOR ACCEPTANCE OF REPSONSIBILITY**.

William entered a plea a guilty to both counts of the Indictment. Pursuant to Unites States Sentencing Guideline Section 3E1.1 (a) if a defendant clearly demonstrates acceptance of responsibility for his offense, decrease offense level by 2 levels. Application Note 1 in the Commentary says in determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

> Truthfully admitting the conduct comprising the offense (s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Section 1B1.3 (relevant conduct).

Application Note 3 says entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction….will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). This evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

5

In denying the 3 level reduction for acceptance of responsibility, the government argued, and the court focused on (b) of Application Note 1, which is voluntary termination or withdrawal from criminal conduct or associations.

William plead guilty and truthfully admitted the conduct comprising the offense of conviction. This is **significant** evidence in his favor for getting acceptance of responsibility reduction. The evidence adduced by the government regarding William's involvement in a robbery and subsequent shenanigans, is not sufficient to overcome the **significant** evidence in William's favor.

The District Court's finding that it was sufficient was error. If William is granted acceptance, his guideline range would become 188-235 months. Instead his range was 262-327 months. The sentence of 262 months is contrary to law and the facts of this case.

## **CONCLUSION**

For the reasons discussed, Diablo S. William respectfully requests that his sentence be vacated and his case remanded for re-sentencing.

DIABLO S. WILLIAM, Appellant

s/Glenn A. Shapiro #19126
SCHAEFER SHAPIRO, LLP
1001 Farnam Street
Omaha, NE 68102
(402) 341-0700
Attorney for Appellant

NO. 11-2546

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

vs.

DIABLO S. WILLIAM,

Appellant.

_____

**CERTIFICATE OF SERVICE**

_____

Glenn A. Shapiro, after being first duly sworn states:

1. He is the attorney for Appellant herein.

2. I hereby certify that on August 23, 2011, I electronically submitted for filing the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished pursuant to Rule 28A(d) of the Local Rules of the United States Court of Appeals for the Eighth Circuit.

7

DIABLO S. WILLIAM, Appellant

s/Glenn A. Shapiro #19126
SCHAEFER SHAPIRO, LLP
1001 Farnam Street
Omaha, NE 68102
(402) 341-0700
Attorney for Appellant

8

NO. 11-2546

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

DIABLO S. WILLIAM,

Appellant.

_____

**CERTIFICATE OF COMPLIANCE**
_____

Glenn A. Shapiro, after being first duly sworn states:

1. The electronic version of this brief is virus-free and the addendum has been scanned for viruses and is virus-free.

2. Appellant's Brief in this matter is 6 pages in length, excluding the Certificate of Service and Certificate of Compliance, which complies with the page limit option found at Fed.R.App.P. 32(a)(7)(A).

3. Appellant's Brief in this matter was prepared using WordPerfect for Windows X4, with a 14-pt., proportionally-spaced Times New Roman font face, in compliance with Fed.R.App.P.32(a)(5).

9

DIABLO S. WILLIAM, Appellant

s/Glenn A. Shapiro #19126
SCHAEFER SHAPIRO, LLP
1001 Farnam Street
Omaha, NE 68102
(402) 341-0700
Attorney for Appellant

10